WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America

v.                                            **ORDER OF DETENTION PENDING TRIAL**

Kenneth L. Redding                            Case Number: 16-1820MJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established:  *(Check one or both, as applicable.)*

☒  by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒  by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☒   (1)   There is probable cause to believe that the defendant has committed

☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in .[1]

☒   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐   (1)   There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐   (2)   No condition or combination of conditions will reasonably assure the safety of others and the community.

☐   (3)   There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1]Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
### *(Check one or both, as applicable.)*

☒   (1)   I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

<u>In addition to the unrebutted presumption, Defendant's substance abuse history and prior criminal history, which includes failures to comply with court-ordered conditions, all add to the risk of danger.</u>

☒   (2)   I find by a preponderance of the evidence as to risk of flight that:

     ☒   The defendant has no significant contacts in the District of Arizona.

     ☒   The defendant has no resources in the United States from which he might make a bond reasonably calculated to assure his future appearance.

     ☒   The defendant has a prior criminal history.

     ☐   There is a record of prior failure to appear in court as ordered.

     ☐   The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

     ☐   The defendant is facing a minimum mandatory of  incarceration and a maximum of .

☒   The defendant does not dispute the information contained in the Pretrial Services Report, except:

<u>Defense counsel argued that detention for danger was not authorized in this case.  The Court disagreed on the record but asked for authority on this point and at a later hearing this day in a different matter defense counsel provided the requested case name and later the citation via email to chambers: *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003).  The Court reviewed this case but finds that it is not binding authority on the question presented. *Twine* addressed whether a Defendant charged with being a felon in possession of a firearm may be detained as a danger.  Even before Congress authorized such detentions after *Twine* was decided, this Court criticized, but of course followed, *Twine* because it believed that such detentions were warranted in felon in possession cases in light of the danger presented, and recognized by Congress, by a felon possessing a firearm.  This Court continues to believe that drug trafficking offenses pose a similar inherent danger and thus detention on the basis of danger is warranted.</u>

<u>Defendant sought placement at a Yuma homeless shelter but the Court found this condition insufficient given that it afforded a placement commitment of only ten days with a possibility that a longer placement "could" be possible.  In light of Defendant's track record of failing to comply with court-ordered conditions and his homeless status, the Court found this condition insufficient and believes that the risk of flight can only be addressed by detention.</u>

☐    In addition:

       The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

       The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

       IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge.  Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court.  Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

       IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

       Dated this 4th day of November, 2016.

_____
David K. Duncan
United States Magistrate Judge